# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| FLOSPORTS, INC., <br>    Plaintiff | § <br> § <br> § | |
| v. | § <br> § | CIVIL ACTION NO. 1:17-cv-01043-LY |
| WWN INC., <br>    Defendant. | § <br> § <br> § | |

## DECLARATION OF SALEM HAMAOUI

I, Salem Hamaoui, hereby declare:

1. My name is Salem Hamaoui. I am over 18 years old, of sound mind, and I am capable of making this affidavit. I make this declaration in support of WWN Inc.'s Motion to Dismiss for Lack of Personal Jurisdiction. The statements in this declaration are based on my personal knowledge and are true and correct.

2. I am the President and Chief Executive Officer of WWN, Inc ("WWN"). I founded World Wrestling Network, Inc., WWN's predecessor company, in 2001. World Wrestling Network, Inc. was closed in October 2016 and relaunched as WWN, Inc. that same month. My duties include running the day-to-day operations of WWN, including coordinating live events and overseeing accounts payable and receivable.

3. WWN is a privately-owned Florida corporation, with its principal place of business at 7383 Monterey Boulevard, Tampa, Florida 33625.

4. WWN is a company that produces and coordinates live professional wrestling events and offers internet streaming and video on demand content of those events to the public.

5. In October 2016, WWN contracted with FloSports, Inc. ("FloSports"). Under the parties' agreement (the "Agreement"), FloSports paid WWN for the exclusive right to broadcast, stream, and/or record WWN's wrestling events under the limited terms of that Agreement.

6. WWN does not maintain an office or other address or facility in Texas.

7. WWN is not a registered or licensed Texas business entity.

8. WWN has not registered as a foreign corporation authorized to conduct business in Texas.

9. WWN has no designated agent for service of process in Texas.

10. As such, WWN was served with the Summons and Original Petition in this action through the Texas Secretary of State, who forwarded the Summons and Original Petition to WWN's registered agent at 7383 Monterey Boulevard, Tampa, Florida 33625.

11. I am not a resident of Texas. I am a resident of Florida.

12. WWN has no employees or principals within Texas.

13. WWN has no sales people, subcontractors, or other agents within Texas.

14. All of WWN's corporate and business records are located in Florida.

15. All persons with relevant knowledge at WWN are located in Florida and Massachusetts.

16. WWN has no bank accounts in Texas.

17. WWN has no interest in, use of, or possession of real property within Texas.

18. WWN does not own or lease any personal property in Texas.

19. WWN is not required to pay any income or business taxes to Texas.

20. WWN has not used the Texas court system as a litigant other than being named as a Defendant herein.

21. WWN does not have contracts to insure any person, property, or risk located within Texas.

22. WWN does not maintain any inventory in Texas.

23. WWN does not regularly do or solicit business in Texas.

24. In 2016, FloSports contacted WWN and attempted to initiate a business relationship under which FloSports would acquire the right to broadcast WWN's live wrestling

events. The business relationship between FloSports and WWN was initiated by FloSports, not WWN.

25. The parties entered into discussions to form such a relationship, and in the course of those discussions, WWN provided data to FloSports concerning WWN's prior viewership numbers.

26. As the President and CEO of WWN, I visited the State of Texas two times in the time frame relevant to this dispute. The first visit took place in October 2016. The purpose of that visit was to scope out a potential live event space in San Antonio, Texas. Those live events took place during my second visit in January 2017. During the first trip, I also met with executives at FloSports and toured its office space. I signed the Agreement on that day in Texas. To my recollection, no discussions of the viewership data occurred when I was meeting with FloSports executives in Texas or at any other time in Texas.

27. The day-to-day operations of WWN are conducted in Florida, including the planning and coordination of all live events that are subject to the Agreement.

28. WWN (including its predecessor company) has produced approximately 600 events over the last thirteen years. Of these, only five took place in Texas. 53 of the 600 events were subject to the Agreement. Of the 53, two events took place in Texas. 34 of the 53 events took place in Florida, eight took place in New York, and small numbers took place in Maryland, Massachusetts, Michigan, Illinois, North Carolina, and Georgia.

29. Of the five events that have taken place in Texas, two were the subject of the Agreement, as discussed above in paragraph 26. The other three events WWN produced in Dallas, Texas occurred over two days in April 2016. WWN also threw a tailgate party after the conclusion of these events in Texas in April 2016.

30. During the April 2016 weekend mentioned in paragraph 29, other companies produced events at the same space—those events were titled Combat Zone Wrestling – Welcome to the Combat Zone, Kaiju Big Battel – Content of Champions, and Shimmer Volume 80: The

Heart of Shimmer Championship Tournament. Those three events were not produced or hosted by WWN.

31. FloSports mailed WWN's payments under the Agreement to a PO Box address in Florida. No payments under the Agreement were received by WWN in Texas.

32. WWN's marketing for the events subject to the Agreement consisted of handing out flyers at live events and social media posting on Facebook and Twitter and its website. No marketing was directed specifically at Texas residents. Upon information and belief, no flyers were handed out at the two Texas live events referenced above. No social media/internet promotional content was posted from Texas.

33. WWN's material performance under the Agreement was not required to be done and was not done in Texas. The Agreement did not contemplate or specify that live events would necessarily take place in Texas or that Texas residents would be targeted customers under the Agreement.

34. The spreadsheet which FloSports alleges contained misrepresentations and breached the Agreement was created in Florida and sent by WWN from Florida. The data contained in that spreadsheet was compiled by the now-defunct Fineline Hosting, a company in Florida.

35. WWN has never intended or anticipated that it would be subject to suit in a Texas court and subject to a Texas court's jurisdiction for the actions alleged in FloSports' Original Petition.

36. It would be burdensome for WWN to defend this lawsuit in Texas because WWN's principals (including myself) would need to travel to Texas for depositions, hearings, and trial, and WWN would incur costs related to litigation in a state other than which WWN and its principals reside and conduct business.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 6th day of December, 2017 at Largo, FL.

_____
Sal Hamaoui